TRACY RACICOT HUCKE, WY Bar #7-4880
Asst. Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne WY 82001
(307) 772-2781
Tracy.Hucke@fd.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>AUSTIN JAMES KELLY,<br><br>           Defendant. | Case No. 19-CR-92-SWS |

## MOTION TO SUPPRESS

Defendant Austin James Kelly asks the Court to suppress all evidence collected after Trooper Richard Scovel of the Wyoming Highway Patrol (WHP) pulled him over without reasonable suspicion.

### BACKGOUND

On February 27, 2019, Mr. Kelly was driving a U-Haul near Cody Wyoming when he got stuck in the snow on the side of the highway. Eventually, he was able to free himself, but in the meantime, a tow truck driver called to report that someone was stuck in the snow and needed assistance. Trooper Scovel was dispatched to assist the U-Haul driver to get out of the snow. He drove to the area where the U-Haul was reportedly off the road, and found no U-Haul but saw an

indication that a car had been on the side of the road in the snow. Afterward he saw a U-Haul driving down the highway and decided to activate his lights to pull it over. Trooper Scovel reasoned that he wanted to stop the U-Haul to check if there was any damage to it after being stuck in the snow.

As a result of the stop, Trooper Scovel searched Mr. Kelly[1], the front cabin of the U-Haul, and applied for a search warrant to search the back cargo compartment of the U-Haul. Troopers found drugs, a Remington pistol with ammunition, and various other items that were purportedly stolen.

Mr. Kelly was charged in this Court with possession of stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## ARGUMENT

Trooper Scovel lacked reasonable suspicion to pull over Mr. Kelly. While Mr. Kelly was stuck in the snow, there was no information that damage had occurred to the U-Haul or that any other car was involved. It is not a violation of law to get a car stuck in the snow. Trooper Scovel stated that he wanted to investigate any potential damage to the U-Haul, but did not have any information that any damage had actually occurred or that Mr. Kelly was in an accident with another car.

---

[1] After the stop, Trooper Scovel ordered Mr. Kelly to exit the U-Haul and conducted a limited pat-down down for weapons under *Terry v. Ohio*, 392 U.S. 1 (1968). During this search, Trooper Scovel exceeded the scope and reached into Mr. Kelly's pockets to retrieve items that he reports felt like a pill bottle and a bulge. Although this search was a violation of Mr. Kelly's Fourth Amendment right to be free from unlawful searches, the search did not produce any evidence that he is currently charged with. Accordingly, suppressing those items would be useless.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. A routine traffic stop constitutes a seizure within the meaning of the Fourth Amendment "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). In reviewing the constitutionality of traffic stops under the Fourth Amendment, courts conduct a two-step inquiry. First, the court must determine "whether the officer's action was justified at its inception." *United States v. Botero-Ospina*, 71 F.3d 783, 786 (10th Cir. 1995) (quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). Second, courts evaluate "whether the action was reasonably related in scope to the circumstances that first justified the interference." *Id.* (quoting *Terry*, 392 U.S. at 20).

The stop here was not justified at its inception. "[A] detaining officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring before stopping [an] automobile." *United States v. Soto*, 988 F.2d 1548, 1554 (10th Cir. 1993) (citation omitted). When evaluating the reasonableness of the initial stop, the "sole inquiry is whether this particular officer had reasonable suspicion that this particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." *Botero–Ospina*, 71 F.3d at 787 (quotation omitted).

There was absolutely no evidence that Mr. Kelly had committed a crime or had violated any traffic violations when Trooper Scovel pulled him over. "[A] court must analyze objectively all the surrounding facts and circumstances to determine

whether an officer had reasonable suspicion that a violation of [a] statute had occurred." *Dods v. State*, 240 P.3d 1208, 1211 (Wyo. 2010). Trooper Scovel was sent to assist a single driver that had run off the road who requested assistance to help shovel him out. There was no report that any other cars were involved. When Trooper Scovel arrived, he observed that there was no longer a car stuck in the snow—only a U-Haul that was driving down the road.

Because Trooper Scovel lacked reasonable suspicion when he pulled Mr. Kelly over and thus violated his Fourth Amendment rights, this Court should suppress the fruits of the illegal stop. *Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963) (holding that evidence seized as a result of a Fourth Amendment violation and evidence derived therefrom is inadmissible).

## CONCLUSION

Trooper Scovel lacked reasonable suspicion to seize Mr. Kelly. This Court should therefore suppress the fruits of the illegal stop, including the evidence gathered from the search of Mr. Kelly's person and the U-Haul.

DATED this 17th day of June 2019.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
> */s/ Tracy Racicot Hucke*
> Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was served on the 17th day of June 2019 upon the following by:

☐ e-mail
☐ hand delivery to USAO court box
☐ fax
☐ mail, postage paid
☒ electronic filing

                                               */s/ Tracy Racicot Hucke*